CHARLES REALTY COMPANY, INC., a New Jersey corporation, complainant-respondent,

*v.*

CITY OF NEWARK, a municipal corporation of the State of New Jersey, and RALPH A. VILLANI, Director of the Department of Parks and Public Property, defendants-appellants.

[Submitted October 17th, 1944.   Decided January 4th, 1945.]

*Messrs. Clancy & Murphy (Mr. John J. Clancy,* of counsel), for the respondent.

*Mr. Philip J. Schotland (Mr. Louis A. Fast,* of counsel), for the appellants.

*Mr. Saul A. Wittes, amicus curiæ,* on the brief.

The opinion of the court was delivered by

RAFFERTY, J.

This appeal is from a decree in Chancery requiring the City of Newark to specifically perform an agreement made with one Miller in 1940, wherein Miller leased certain lands and premises from the city, the contract of lease containing

an option to Miller to purchase the premises at a specified price at any time during the term of the lease. Miller's interest in the lease was duly assigned to respondent herein.

It appears that the buildings situate on the involved premises were in a dilapidated condition and the city had determined to raze the structures. It advertised for bids for the demolition thereof but prior to making any award of contract it had received an offer to lease the premises from one Louis Daitch. The communication of this offer to the city provided that the rental should be $600 per year and "The lease is to be for a term of three years with an option to purchase same for $6,000 and with a clause that I can take title any time during the term of the option, upon full performance of the option." Pursuant to this offer the city, by resolution, and proceeding under *R. S. 40:60–26,* authorized advertisement of the offer under paragraph (c) of the cited statute. Eventually on October 11th, 1940, the city entered into lease with Miller at a rental of $750 per year with an option to Miller to purchase the premises for $7,500 at any time during the term of the lease. Miller's assignee tendered to the city the option price within time but the city refused to make conveyance on the ground that the advertisement made was defective and hence the city was without authority to make the conveyance. Respondent thereupon filed its bill in Chancery for specific performance of the agreement and therein the decree here appealed from was entered.

An examination of the proceedings and public advertisements had in this matter leaves no doubt but that the advertisements made were not in accord with the provisions of *R. S. 40:60–26* and that they were substantially defective, but we are not called upon to make any determination respecting this, nor to treat the issues raised in the several briefs filed in this court, for the reason that subsequent to the transaction presently before us the legislature passed an act which in terms validated the same in all respects, to wit, *P. L. 1941 ch. 186 p. 572;* approved June 9th, 1941, *N. J. S. A. Val.:19–21.15.* This statute seems to have escaped the notice of the interested parties and as it is dispositive of the matter the questions raised in the briefs become abstract.

The act provides:

"1. All sales heretofore made of any lands and premises by any municipality at public auction of lands to which said municipality had at the time of said sale an absolute title in fee-simple, and all proceedings had in connection therewith are hereby validated and confirmed, notwithstanding that such sales and proceedings were not first authorized by resolution of the governing body of such municipality, and notwithstanding that the advertisement of sale of said lands were not made as provided by law, if otherwise made according to law, and any conveyances heretofore or hereafter made by such municipality of said lands heretofore sold by such municipality to the purchaser or purchasers thereof, in pursuance of such sale or sales, are hereby validated and confirmed * * * provided, however, that such sales shall have been or shall be confirmed by resolution of the governing body of such municipality; * * *."

We are satisfied that the procedure actually followed by the city in the instant matter was a "public auction" as referred to in the validating act. Incidentally, counsel *amicus curiæ* in his brief states, "Procedure C (of *R. S. 40:60–26*) provides for what is called a private sale, but what amounts to a public offering and sale to the highest bidder at a public meeting of the governing body * * *." This seems to be a fair statement defining "public auction" for present purposes.

The decree appealed from is affirmed, for the reason here stated.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 13.

*For reversal*—None.